Gaston, J.
 

 It is impossible to reconcile with each other the various decisions which have been made, respecting the nature of the interest which disqualifies a witness from giving testimony. But the general principle unquestioably is, that it must be a direct and certain interest in the event of the cause. Tried by this principle, I should think that the first instrument executed by the witness removed all objection to his competency. According to our law, every plaintiff. whether suing in an individual or a representative character, is bound to give sureties for the costs, and is personally responsible for them. When he sues as an executor or administrator
 
 bona fide
 
 for the benefit of those interested in the estate, he is entitled as against them to be re-imbursed out of the estate, and, therefore, the residuary legatee or next of kin has a direct interest that the cause be successfully prosecuted, not only because in that event his legacy or distributive share will be increased, but because, in the event of failure, it will suffer diminution by reason of the costs to be reimbursed thereout. But when the residuary legatee or next of kin has assigned and released his beneficial interest, in the subject matter demanded, to the individual sustaining the character of executor or administrator, and such assignment
 
 *257
 
 and release are accepted, then all interest in the cause is extinguished. He has no longer a right to the thing, if recovered; and he is no longer responsible for the costs, if the thing be not recovered, because the suit is prosecuted, not for his benefit, but for the benefit of his assignee, the executor or administrator himself.
 

 This however must be understood to be my individual opinion, and not that which I am authorized to declare as the opinion of the court; and I also would add that it is an opinion, which I shall be very willing to reconsider and to abandon should it prove erroneous.
 

 But all the court agree that when to this assignment is added the actual release of the executor or administrator to the legatee or next of kin of all liability for costs, as is done by the fourth instrument set forth in the transcript, then the witness stands indifferent, and is competent. The judgment must be affirmed with costs.
 

 Per Curiam, Judgment affirmed.